# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
June 19, 2012 Session

## STATE OF TENNESSEE v. GLENN LYDELL McCRAY

**Appeal from the Criminal Court for Davidson County**
**No. 2010-C-2362      Monte Watkins, Judge**

**No. M2011-02411-CCA-R3-CD - Filed May 2, 2013**

THOMAS T. WOODALL, J., concurring in part and dissenting in part.

I respectfully dissent from the majority opinion insofar as it concludes that aggravated assault involves some form of confinement in this case. In *State v. White*, 362 S.W.3d 559, 578 (Tenn. 2012), the supreme court held,

> Under the standard we adopt today, trial courts have the obligation to provide clear guidance to the jury with regard to the statutory language. *Specifically*, trial courts must ensure that juries return kidnapping convictions only in those instances in which the victim's removal or confinement *exceeds that which is necessary to accomplish the accompanying felony.*

*Id*. (emphasis added).

In order for the *White* jury instructions to be applicable, the accompanying felony (in this case aggravated assault) must necessarily involve some removal or confinement of the victim during the commission the accompanying felony. *White* used the examples of robbery and rape as "accompanying" felonies, without suggesting that the jury instructions were "inapplicable to other felonies," as noted in the majority opinion. After a careful review of the elements of aggravated assault as charged in this case, I fail to see that some removal or confinement of the victim, such as is implicit in robbery and rape, exists in aggravated assault. In other words, and in stating the obvious, the element of sexual penetration in a rape necessitates some confinement. *See* Tenn. Code Ann. § 39-13-502. Likewise, the time that it takes to commit the theft of property from the victim, by violence or putting the victim in fear, to accomplish robbery also necessitates some period, however brief it may be, of confinement. *See* Tenn. Code Ann. § 39-13-401.

Both counts of aggravated assault were based on the provisions of Tennessee Code Annotated section 39-13-101(a)(2) and 39-13-102(a)(1)(B), thus making the elements of the offense:

1.      Defendant intentionally or knowingly caused the victim to reasonably fear imminent bodily injury: and

2.      Defendant used or displayed a deadly weapon (in one count a rifle and in the other a knife).

All confinement or removal which occurred in this case occurred *solely* as the result of the commission of especially aggravated kidnapping.  I most respectfully conclude that the manner and circumstances of the commission of the aggravated assaults cannot dictate that the *White* jury instructions should have been given to the jury.  For these reasons, I dissent from the majority opinion's conclusion that it was error by the trial court to fail to so instruct the jury.  In all other aspects, I concur with the majority opinion.

_____

THOMAS T. WOODALL, JUDGE